JOYNES, J.,
delivered the opinion of the court:
The court is of opinion that the account of Maurice H. Garland, administrator of Archibald Robertson deceased, settled under the decree of the court in the suit of Mary Brown against Archibald Robertson’s ad-ifainistrator, is not, by reason of its having been settled in that suit and confirmed by the . court, even prima facie evidence as against the heirs at law of said Archibald Robertson, of the balance credited in said account as due from S. & M. H. Garland to said Archibald Robertson, or of the items of account out of which the said balance arose, because the said heirs were not parties to said suit, and were not in privity with any party thereto, so as to be bound or affected by anjr ■ proceeding therein. Mason’s devisees v. Peter’s adm’r, 1 Munf. 437; Street’s heirs v. Street, 11 Leigh 498; Deneale v. Strump’s ex’ors, 8 Pet. R. 528.
*And although it appears that a partial account between the said S. & M. H. Garland and said Archibald Robertson, embracing the items now in controversy, was rendered by the said S. & M. H. Garland to the said Archibald Robertson in the year 1831, the court is of opinion, for reasons hereafter stated, that the same ought not to be regarded as an account stated between the said parties, so as to be prima facie evidence of the correctness of the charges therein, which are now in controversy, namely, the charge of $117.95 and the charge of $950, and to throw upon the said Robertson’s representatives the burden of disproving the same.
The court is of opinion that the mere rendering of an account by one party to another, is not sufficient to make it an account stated. Eor that purpose there must either be an actual statement and adjustment of the account by the parties by going over the items .together and striking the balance, or an admission by one party of the correctness of the balance struck by the other, or some other evidence to show that the party who is sought to be charged has, by his language or conduct, admitted the correctness of the account.
It does not appear that the said Archibald Robertson admitted, by words, the correctness of the said account rendered, nor does it. appear whether he did or did not communicate to the said S. & M. H. Garland any objection to it. On this latter subject there is a total absence of all evidence, though it does appear that he made and preserved memoranda of various objections to said account; the two items above mentioned being among those to which he thus made objection. It cannot be presumed that no such communication ivas made from the fact that none is proved, because it might well have been made without its being possible for the appellants to prove the fact, and the saidS. & M. H. Garland have produced no *evidence whatever on the subject. And even if such a presumption could be made, it would not be competent to found upon it a further presumption, that the said Robertson admitted the correctness of the account rendered, for that would be to base a presumption upon a presumption, contrary to the rules of evidence, and would moreover be in conflict with the express proof afforded by the memoranda aforesaid, that he did not admit it. Whether the failure of said Archibald Robertson ■ to communicate to said S. & M. H. Garland his objection to *451 said account rendered, if it had been established by proper evidence, would have been sufficient, without the help of other circumstances, to give to the said rendered account the effect of an account stated, the court does not think it necessary to decide. Vide Irvine v. Robertson, 3 Rand. 549; Irvine v. Young, 1 Sim. & Stu. R. 333; Lord Clancarty v. Latouche, 1 Bal. & Beat. R. 420; Townes v. Birchett, 12 Leigh 173; Toland v. Sprague, 12 Pet. R. 300; Murray v. Toland, 3 John. Ch. R. 569; Phillips v. Belden, 2 Edw. Ch. R. 1; Killam v. Preston, 4 Watts & Serg. R. 14; Spangler v. Springer, 22 Penn. R. 454.
And the court is further of opinion, that this case does not come within the principle laid down by this court in the case of Mertens v. Nottebohm, 4 Gratt. 163, namely, that an account rendered by a consignee, factor, agent, attorney, trustee, or the like, of his acts and transactions in the execution of his agency or trust, is to be taken to be prima facie correct. Por as to the item of $117.95, the question in controversy is, not whether the said S. & M. H. Garland paid it under an admitted authority, but whether they had the authority to pay it; and as to the item of $950, the question is, whether a sum of money advanced by said S. & M. H. Garland to Archibald Robertson as a loan has been repaid to them.
court is further of opinion that there is no sufficient evidence that the said sum of $117.95 charged by said S. & M. H. Garland against said Archibald Robertson, for the amount of John Major’s execution against Robert Tinsley was properly so charged.
* ********
*********
Decree reversed with costs so far as declared to be erroneous, and affirmed as to all other things, and cause remanded.
Decree reversed.